[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11543

Non-Argument Calendar

_____

RANDY XAVIER JONES,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:21-cr-00288-WFJ-SPF-1,
8:23-cv-00844-WFJ-SPF

2                    Opinion of the Court                    23-11543

_____

Before WILSON, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Randy Jones appeals from the district court's order finding that his 28 U.S.C. § 2255 motion was moot as to its filing in his criminal case because it was docketed, and would be resolved, in a separate civil case. That order is not final and appealable, however, because it did not end the litigation on the merits in the district court. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment).

Jones's § 2255 motion is still pending before the district court in the civil case—no. 8:23-cv-844. Further, the district court's decision to consider the § 2255 motion in a separate civil proceeding is not appealable under the collateral order doctrine because that decision can be effectively reviewed on an appeal from a final judgment in that proceeding. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

23-11543                 Opinion of the Court                 3

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.